**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRUCE EDWARD WESOLOWSKI A/K/A BRUCE WESOLOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL COMMUNITY BANK A/K/A CCBANK D/B/A TODAY CARD <br><br> Defendant. | PLAINTIFF'S COMPLAINT FOR DAMAGES: <br><br> 1. Violation of the Telephone Consumer Protection Act <br> 2. Invasion of Privacy – Intrusion Upon Seclusion <br><br> JURY DEMAND |

**COMPLAINT**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, against Capital Community Bank a/k/a CC Bank d/b/a Today Card (hereinafter "Defendant") for negligently, knowingly, and/or willfully contacting Bruce Edward Wesolowski a/k/a Bruce Wesolowski's (hereinafter "Plaintiff") cellular telephone using an automated telephone dialing system after receiving a notice of attorney representation, in violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and for Invasion of Privacy – Intrusion Upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another…that would be highly offensive to a reasonable person."

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 20 times after receiving a notice of attorney representation, all sent through certified mail.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION AND VENUE

5. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.

7. The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

8. Plaintiff is, and at all times mentioned herein was an individual citizen and resident of Cook County, Illinois. Plaintiff is, and at all times mentioned was, a "person" as defined by 47 U.S.C. §153(39).

9. Defendant is, and at all times mentioned herein was, a financial institution that maintains its headquarters at 3280 N. University Avenue, Provo Utah, 84604.

10. Defendant Capital Community Bank a/k/a CCBank is the issuer of the Mastercard brand, Today Card.

11. Today Card is a subprime unsecured credit card whose primary target market is those individuals with poor or fair credit ratings. The card features one of the highest purchase APRs on the credit card market with a steep annual fee and high interest rate.

## **FACTS**

12. At all relevant times herein, Today Card was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff.

13. The debt at issue is consumer debt.

14. Plaintiff opened a credit card account issued by Today Card sometime in October of 2020.

15. The credit card account extended to Plaintiff was primarily for personal, family or household purposes.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction.

18. Upon information and belief, Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

19. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account soon after opening the account and making purchases/charges.

20. Plaintiff eventually became financially unable to continue making payments on his account.

21. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

22. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

23. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

24. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

25. Plaintiff's notice was sent to Defendant on April 21, 2021 via certified mail. Defendant received the certified notice on April 30, 2021.

26. Defendant continued to call Plaintiff after the April 21, 2021 certified notice of representation and revocation of consent was sent.

27. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

28. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

29. Defendant would use a pre-recorded voice when calling Defendant.

30. Defendant would leave pre-recorded messages for Plaintiff.

31. Defendant's autodialing machine contains the capacity to randomly dial numbers.

32. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

34. Plaintiff received over 20 pre-recorded calls after the April 21, 2021 certified letter was received by Defendant.

## **COUNT I – VIOLATION OF TCPA 47 USC § 227**

35. Plaintiff incorporates the above factual allegations herein.

36. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in April of 2021.

37. Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an automatic dialing machine on his cellular telephone.

38. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

39. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

40. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

41. Alternatively, Defendant should have known its conduct violated the TCPA.

42. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

43. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

44. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

45. Defendant contacted Plaintiff at least 20 (twenty) times after he revoked his consent to be contacted on his cellular telephone and informed Defendant he was represented by counsel.

46. Defendant Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

47. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

48. The calls Plaintiff received were pre-recorded or used an artificial voice.

49. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in April of 2021.

50. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone.

51. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States ….to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system…" As a result of the Defendant's illegal contact, Plaintiff suffered actual damages, and, under section 227(b)(3)(B), is entitled to a minimum of $500.00 in damages fro each such violation of the TCPA.

52. Because the Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

53. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant's violations of the TCPA in the future.

## COUNT II – INTRUSION UPON SECLUSION

54. Plaintiff incorporates the above factual allegations herein.

55. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

57. Defendant, specifically as Today Card, intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

58. Defendant, specifically as Today Card, intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

59. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

60. These intrusions and invasions against Plaintiff by Defendant, specifically as Today Card, occurred in a way that would be highly offensive to a reasonable person in that position.

61. Defendant received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

62. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

WHEREFORE, Plaintiff requests this honorable Court enter judgment in favor of Plaintiff and against Defendant for:

1. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq.;

2. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

3. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

4. Actual and punitive damages for Defendant's intrusion upon Plaintiff's seclusion;

5. Such further and other relief the Court deems reasonable and just.

Respectfully submitted,

  /s/ Desirae Bedford_____
Desirae Bedford
Recovery Law Group, APC.
55 E. Monroe Street, Suite 3800
Chicago, IL 60603
847-250-1167 (tel.)
872-250-9797 (fax)
dbedford@recoverylawgroup.com

**JURY DEMAND**

Plaintiff demands trial by jury.

  /s/ Desirae Bedford_____